UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT D. EATON,

    Petitioner,

v.                                           Case No. 2:07-cv-114
                                               HON. R. ALLAN EDGAR

LINDA M. METRISH,

    Respondent.
_____/

## **OPINION AND ORDER**

Petitioner Vincent D. Eaton filed this petition for writ of habeas corpus challenging the validity of his convictions for assault with intent to commit sexual penetration and as a third habitual offender. Petitioner was convicted and sentenced to 9½ to 20 years imprisonment. Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner claims that:

I. Trial court erred in granting the prosecution's motion to exclude opinion testimony as to the complainant's veracity.

II. Court failed to instruct the jury as to voluntary intoxication relative to the charge of assault with intent to commit criminal sexual conduct.

III. Ineffective assistance of counsel at a time before and during trial, where trial counsel was defective in securing certain defense witnesses, failing to request an in camera review on certain defense witnesses.

IV. Ineffective assistance of counsel on appeal of right, where appellate counsel failed to federalize appellate brief, when asked to do so and failed to raise an obvious issue of ineffective assistance of counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that he was limited in his ability to present extrinsic evidence to attack the credibility of the victim. The Michigan Court of Appeals explained:

On appeal, defendant first argues that the trial court erred in granting the prosecution's motion to exclude testimony concerning the complainant's veracity. Specifically, defendant sought to admit testimony from several people, including a Family Independence Agency caseworker, police officers, and a doctor, among others, concerning incidents of the complainant's untruthful behavior, but the trial court prohibited admission on the basis that the testimony concerned collateral matters.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v Bahoda*, 448 Mich 261, 288; 531 NW2d 659 (1995); *People v Werner*, 254 Mich App 528, 538; 659 NW2d 688 (2002). "'An abuse of discretion exists when the court's decision is so grossly violative of fact and logic that it evidences perversity of will, defiance of judgment, and the exercise of passion or bias.'" *Werner, supra,* quoting *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996).

"As a general rule, . . . a witness may not be contradicted regarding collateral, irrelevant, or immaterial matters." *People v Vasher*, 449 Mich 494, 504; 537 NW2d 168 (1995). With regard to attacking a witness' credibility, MRE 608(b) provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examined has testified.

Extrinsic evidence may not be used to impeach a witness on a collateral matter even if the extrinsic evidence constitutes a prior inconsistent statement of the witness, which is otherwise admissible under MRE 613(b). *People v Rosen*, 136 Mich App 745, 758; 358 NW2d 584 (1984). In *People v Guy*, 121 Mich App 592, 604-605; 329 NW2d 435 (1983), this Court explained:

> The purpose of the rule that a witness cannot be impeached on a collateral matter by use of extrinsic

> evidence is to avoid the waste of time and confusion of issues that would result from shifting the trial's inquiry to an event unrelated to the offense charged. In order to apply the rule it is necessary to determine what facts are deemed "collateral." According to McCormick, Evidence (2d ed), § 47, p 98, facts which would have been independently provable are not considered collateral for the purpose of this rule.
>
> * * *
>
> In further discussing the application of the rule, McCormick indicates there are three kinds of facts that are not considered to be collateral. The first consists of facts directly relevant to the substantive issues in the case. The second consists of facts showing bias, interest, conviction of crime and want of capacity or opportunity for knowledge. The third consists of any part of the witness's account of the background and circumstances of a material transaction which as a matter of human experience he would not have been mistaken about if his story were true.

Here, the testimony of the proposed witnesses was to reveal the complainant's statements about a satanic cult, an alleged murder, the complainant's health care and the health care of her daughter, but such testimony does not fall within any of these categories. The proposed evidence is not substantively relevant to the instant claim of criminal sexual assault, and thus the trial court did not abuse its discretion in refusing to admit it.

To the extent that defendant further argues that the trial court erred in denying the admission of opinion evidence from the caseworker, doctor, and nurse, because the trial court failed to first review the records in camera pursuant to *People v Stanaway*, 446 Mich 643, 679-84; 521 NW2d 557 (1994), we find his argument without merit. In *Stanaway*, our Supreme Court held that "in an appropriate case there should be available the option of an in camera inspection by the trial judge of the privileged record on a showing that the defendant has a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense. *Id.* at 677. Here, although the trial court acknowledged in its ruling on the prosecution's motion to exclude testimony that *Stanaway* provides for

>   in camera review of otherwise privileged records of physicians or
>   social workers, defendant never requested an in camera review of
>   privileged information. To the contrary, defense counsel summarized
>   in detail the testimony that the witnesses would give if the trial court
>   denied the prosecution's motion. This summary demonstrates that
>   defendant knew what the witnesses' testimony would concern and
>   took the opportunity to inform the trial court regarding the substance
>   of their testimony before the trial court ruled on the motion. Under
>   these circumstances, we find that on appeal defendant cannot claim
>   error for the trial court's failure to conduct an in camera review.

The trial court is responsible for conducting the trial and deciding evidentiary questions under state rules and procedures. Matters involving the attacking of the credibility of a witness and admission of evidence are questions under state law. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Most importantly, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the trial court failed to give a voluntary intoxication instruction to the jury. The Michigan Court of Appeals reviewed the claim for plain error because petitioner did not preserve the error by raising an objection at trial. The Michigan Court of Appeals rejected this claim stating:

>   In the present case, despite that when given a breathalyzer test
>   defendant registered at twice the legal limit, his own testimony
>   established that he was able to form the required intent to commit the
>   crime. Defendant testified in great detail concerning his activities

> during the evening in question. Throughout his testimony, defendant described his acts, thoughts and emotions in detail as well as his intent as he interacted with the complainant and thereafter hit her and then retrieved a knife and confronted her. In our view, defendant's detailed recollection of the events leading to and throughout the incident belies his claim that an instruction on voluntary intoxication should have been given to the jury. The trial court did not err in failing to give a voluntary intoxication instruction because there is no indication in the record that defendant "was incapable of forming the intent to commit this crime." *[People v Mills*, 450 Mich 61, 83; 537 NW2d 909, mod on other grounds 450 Mich 1212 (1995)]; see also *People v Coddington*, 188 Mich App 584, 604; 470 NW2d 478 (1991) (Instruction on voluntary intoxication not warranted where the defendant's testimony "revealed that his drinking did not affect his behavior."); cf *People v Gomez*, 229 Mich App 329, 333; 581 NW2d 289 (1998) (Voluntary intoxication instruction not warranted where police officer merely suspected intoxication and the defendant "had no trouble landing multiple blows on the victim."). Defendant has failed to show outcome-determinative plain error. *Carines, supra*.
>
> Because an instruction on voluntary intoxication was not warranted, defendant's ineffective assistance of counsel claim with respect to the jury instructions is without merit. *Stanaway, supra* at 687, 688 (the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different); *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) (counsel is not ineffective for failing to advocate a meritless position).

The decision of the Michigan Court of Appeals on the voluntary intoxication instruction is not contrary to federal law and is not an unreasonable determination of the facts.

Respondent argues that petitioner has procedurally defaulted the remaining issues of ineffective assistance of counsel. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to

the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324. Further, even when the state court reviews the issue under a manifest injustice standard, plain error or to prevent a miscarriage of justice, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *see also Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999) (citing *Harris*, 489 U.S. at 264 n.10).

Petitioner asserts that he received ineffective assistance of trial and appellate counsel. Petitioner asserted these claims in a motion for relief from judgment that was denied in the trial court and in the Michigan Court of Appeals under MCR 6.508(D). Petitioner never presented these claims to the Michigan Supreme Court. Petitioner's claims are clearly defaulted. Petitioner suggests that

the court should hold this case in abeyance so that he can exhaust these issues. However, it appears that petitioner does not have any relief available in the State courts under MCR 6.508(D).

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions

might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). The court concludes that petitioner cannot show that he received ineffective assistance of counsel.

The court concludes that petitioner's claims are without merit and will dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, a certificate of appealability will be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

Dated:     9/29/2010              */s/ R. Allan Edgar*
                                  R. Allan Edgar
                                  United States District Judge